109 A.3d 668

IN THE MATTER OF HERBERT JONI TAN, AN ATTORNEY
AT LAW (ATTORNEY NO. 008331998).

March 12, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–103, concluding that **HERBERT JONI TAN,** formerly of **FORT LEE,** who was admitted to the bar of this State in 1998, and who has been temporarily suspended from the practice of law since November 20, 2013, should be suspended from the practice of law for a period of one year for violating *RPC* 1.4(c) (failure to explain a matter to the extent reasonably necessary to allow the client to make informed decisions about the

representation), *RPC* 1.7(a)(2) (conflict of interest), *RPC* 1.8(a) (business transaction with client), *RPC* 1.15(d) (recordkeeping deficiencies), *RPC* 8.4(a) (violating the *Rules of Professional Conduct*), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that any pending disciplinary matters against respondent should be consolidated for resolution and expedited, and that the Director of the Office of Attorney Ethics should take whatever action he considers appropriate on the matter of respondent's request that a client submit "fake" online reviews for respondent's legal services;

And good cause appearing;

It is ORDERED that **HERBERT JONI TAN** is suspended from the practice of law for a period of one year, effective immediately, and until the further Order of the Court; and it is further

ORDERED that all pending disciplinary matters against respondent be consolidated and expedited, and that the Director of the Office of Attorney Ethics take whatever action he deems appropriate on the matter of respondent's request that his client submit "fake" online reviews for respondent's legal service; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.